# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TAMIR T. CLARK, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 3:17-cv-0968 |
| | ) | Judge Aleta A. Trauger |
| CHERRY LINDAMOOD, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Presently before the court is the respondent's motion to dismiss the petition on the grounds that it is time-barred. (Doc. No. 11.) For the reasons set forth herein, the court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). As a result, the court will grant the respondent's motion to dismiss.

## Discussion

### I. Background

On November 21, 2012, the petitioner pleaded guilty to especially aggravated kidnapping, arson, especially aggravated robbery and attempted robbery. *See* ECF No. 9-6; *see also Tamir Clark v. State of* Tennessee, NO. M2014-00618-CCA-R3-PC, 2014 WL 7191536 (Tenn.Crim.App, Dec. 18, 2014); *perm. app. denied* Tenn. Apr. 13, 2015 [*Clark I*]. The petitioner was sentenced to an effective term of twenty-five years imprisonment. *Id.*

On August 23, 2013, the petitioner filed a state post-conviction petition in the Rutherford County Criminal Court. (ECF No. 9-1 at Page ID## 37-53.) Counsel was appointed (*Id.* at Page ID## 55-56) and an amended petition was filed on December 16, 2013 (*Id.* at Page ID## 60-64).

On March 6, 2014, the state post-conviction court denied relief. (*Id* at Page ID## 76-84.) The petitioner appealed. (*Id.* at Page ID# 49.) On December 18, 2014, the Tennessee Court of Criminal Appeals ("TCCA") denied relief and on April 13, 2015, the Tennessee Supreme Court ("TSC") denied permission to appeal. (ECF No. 9-6-9-7, *see also Clark I*.)

On July 9, 2015, the petitioner filed a state habeas petition in the Wayne County Circuit Court (ECF No. 9-13 at Page ID## 351-80), which was denied on December 15, 2015 (*Id.* at Page ID## 398-399.)

On July 16, 2015, the petitioner filed a Motion to Correct an Illegal Sentence in the Rutherford County Circuit Court (ECF No. 9-8 at Page ID## 223-53), which was denied on July 28, 2015 (*Id.* at Page ID## 254-56.) On February 24, 2016, Petitioner filed a petition for writ of error *coram nobis* in the Rutherford County Circuit Court (*Id* at Page ID## 257-77) , which was dismissed on March 11, 2016 because it was time-barred. (*Id.* at Page ID## 278-81.) The petitioner appealed and the TCCA denied relief on February 13, 2017. (ECF No. 9-11; *see also Tamir Clark v. State of Tennessee*, No. M2016-01079-CCA-R3-ECN, 2017 WL 568546 (Tenn.Crim.App. Feb. 13, 2017) [*Clark II*]. The petitioner did not file an application for permission to appeal to the TSC.

On June 21, 2017, the petitioner filed a *pro se* petition for the writ of habeas corpus in this court. (ECF No. 1.)[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petitioner declares that he placed the petition in the prison mailing system on June 21, 2017. Accordingly, the petition shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.     Statute of Limitations

The petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner did not appeal his convictions or sentences.  Thus, thirty days after judgment was entered, or on

December 21, 2012, the petitioner's convictions became final by the expiration of time for seeking direct review. *See* Tenn R. App. P. 4(a) (stating that a notice of appeal shall be filed within 30 days after the date of entry of judgment). Under § 2244(d)(1)(A), the petitioner had one year from that date, or until December 23, 2013[2] in which to file his federal habeas petition. The petitioner did not file his federal petition in this court until June 21, 2017. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a properly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). On August 23, 2013, when the petitioner filed his petition for state post-conviction relief the limitations period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). By that time, 245 days of the limitations period had elapsed. On April 14, 2015, the day after the TSC denied review in the post-conviction proceeding, the limitations period resumed. *See Lawrence*, 549 U.S at 332.[3]

On July 9, 2015, the petitioner filed a state habeas petition in Wayne County Circuit Court. The respondent argues that this state habeas petition did not toll the statute of limitations period because it was not a "properly filed" application for state post-conviction relief. Under

---

[2] December 21, 2013 was a Saturday so the petitioner had until the following Monday, December 23, 2013, in which to timely file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).
[3] The time for filing a petition for writ of certiorari from the denial of collateral review is not considered in determining the statute of limitations for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 333-334.

Tennessee law, the writ of habeas corpus is limited in scope. "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993). The respondent argues that the state habeas petition was not "properly filed" because the state court concluded that it must be dismissed "as a matter of law" because it challenged petitioner's convictions based on constitutional violations, which are "issues for post-conviction relief rather than habeas corpus relief." (ECF No. 9-13 at Page ID #398 (citing *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn.Crim.App. 1982). It is at least open to debate whether the respondent's argument is well-taken. Since the United States Supreme Court's decision in *Artuz v. Bennett*, 531 U.S. 4, 10 (2000), determining whether an application for state post-conviction or other collateral review is "properly filed" has focused on delivery to the proper court officer and receipt and filing of the application. Thus, in *Artuz* the Court stated:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar

*Id.* at 8–9 (internal citations omitted). The court need not, and does not, decide whether the petitioner's state habeas petition was "properly filed" within the meaning of 28 U.S.C. §

5

2244(d)(2). Instead, the court will assume, without deciding, that the filing of the state habeas petition tolled the statute of limitation for filing a federal habeas petition. As such, on July 9, 2015, when the petitioner filed his state habeas petition, the statute of limitations stopped running. On December 15, 2015, the state court denied the state habeas petition. Petitioner did not appeal. Thus, judgment became final 30 days later, or on January 15, 2016.[4] At this point, the petitioner had 33 days remaining in the limitations period or until February 18, 2016.[5]

---

[4] The respondent assumes, without discussion, that the time within which the petitioner could have appealed the lower courts' denials of his state post-conviction or collateral attacks is included in the statute of limitations calculations. The law on this point is not entirely clear in this circuit. *See Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. Aug. 15, 2016), *reh'g en banc* denied (Oct. 26, 2016) (stating in dicta that a petitioner would be entitled to tolling during appeal window if he had not appealed); and *Martin v. Wilson*, 110 F. App'x 488 (6th Cir. 2004) (observing that the petitioner had 30 days to appeal the denial of post-conviction relief and that "the petition is still 'pending' for purposes of § 2244(d)(2) during this appeal period"); *but see Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. Dec. 22, 2015), reh'g en banc denied (Jan. 29, 2016), cert. denied (Oct. 3, 2016) (holding that petitioner was not entitled to tolling during period in which he could have sought reconsideration and stating in dicta that "[r]eview of Scarber's post-conviction motion ended when the Michigan Supreme Court issued a final order denying his application for leave to appeal – but only because he had appealed the intermediate court's earlier final order" (emphasis added)); and *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016), cert. denied (Jan. 9, 2017) (nothing that"[t]his case hinges on the issue certified by this court—whether the statute of limitations is statutorily tolled for the time during which Quatrine could have appealed the denial of his post-conviction motions for relief from judgment, but did not. The answer is no"). Nevertheless, because it does not materially change the outcome here, the court assumes without deciding, that the thirty days within which the petitioner could have appealed to the TCCA the lower courts denials of his state post-conviction and collateral attacks is considered in calculating the statute of limitations for filing a federal habeas petition.

[5] The petitioner filed a Motion to Correct an Illegal Sentence ("Motion") in the Rutherford County Circuit Court on July 16, 2015, which the state court denied on July 28, 2015. Because the statute of limitations was tolled during this entire time period by the filing of the state habeas petition, this Motion does not impact the calculation of the statute of limitation. Even if the court were to determine that the state habeas petition did not toll the statute of limitations, but that the petitioner's Motion did, the petitioner's federal habeas petition would still be untimely. Under that scenario, the statute of limitations would have run from April 14, 2015, the day after the TSC denied discretionary review in the post-conviction proceedings, to July 16, 2015, the day the motion was filed. The state court denied the motion on July 28, 2015. Thirty days later, or

Petitioner did not file his petition in this court until June 21, 2017, almost a year and a half after the statute of limitations had expired.[6] Thus, his petition is untimely.

The petitioner concedes that the petition was filed after the expiration of the statute of limitations, (ECF No. 12 at Page ID## 412, 415), however he argues that the statute of limitations should be tolled because his trial attorney "fraudulently concealed" important documents or information.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petitioner bears the burden of showing that she is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

---

on August 28, 2015, (*see* n.5 *supra.*) the judgment became final and the statute of limitations began to run again. At that point, the petitioner had only 26 days , or until September 22, 2015, within which to file a federal habeas petition.
[6] On February 24, 2016, the petitioner filed a petition for writ of error *coram nobis* in the state court. However, by that time the statute of limitations had already expired and could not be revived.

The petitioner has failed to demonstrate that he was diligent in pursuing his rights or that some extraordinary circumstance prevented him from timely filing his federal habeas petition. The petitioner argues that the doctrine of fraudulent concealment should apply to toll the statute of limitations, however the petitioner's own briefing belies this claim. Even assuming arguendo that the doctrine of fraudulent concealment applied here, as the petitioner notes the doctrine tolls the statute of limitations where the *defendant* causes the plaintiff, through deception or fraud, to miss a statutory deadline. (ECF No. 12 at Page ID## 412-13 (emphasis added); *see e.g., Fillinger v. Lerner Sampson & Rothfuss,* 624 F. App'x 338, 341 (6th Cir. 2015) (explaining that "[t]he doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." ) Here, the petitioner claims that his *trial attorney*, not the respondent, fraudulently concealed information. Thus, the doctrine of fraudulent concealment is inapplicable,

To the extent that the petitioner claim's that his attorney improperly withheld documents or information, he also cannot establish that equitable tolling should apply. First, the petitioner states that his trial attorney was questioned at the post-conviction evidentiary hearing about possible defenses and responded that he "didn't have any." (ECF No. 12 at Page ID# 413). The petitioner suggests that his attorney's response misled the petitioner into believing that he had no defenses or remedies to pursue. The petitioner suggests that for this reason, equitable tolling should apply. "'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'" *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir.2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335

(6th Cir.1991)). This is so even for incarcerated pro se habeas petitioners. *Jagodka v. Lafler*, 148 F.App'x. 345, 347 (6th Cir. 2005) (per curiam). Additionally, even if the petitioner relied on incorrect advice from his attorney, "a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen*, 366 F.3d at 403 (citing *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)). Moreover, the petitioner's "lack of actual or constructive knowledge of the filing requirement" is also not a basis for equitable tolling. *Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007).

The petitioner has not demonstrated diligence in attempting to timely file his federal habeas petition, nor has he established that any extraordinary circumstance prevented him from timely filing his petition. Consequently, he is not entitled to equitable tolling. His habeas petition therefore is time-barred.

### **Conclusion**

Because the petitioner filed his petition after the statute of limitations had expired and because he has failed to establish that he is entitled to equitable tolling, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order adverse to a §2254 petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). Importantly, however, "a COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337; *see also Buck v. Davis*, 137 S.Ct. 759, 773 (2017) (reiterating that "[a] court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims, and ask only if the District Court's decision was debatable" (internal citation and quotation marks omitted).)

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

ENTER this 10th day of January 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE